<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LARRY E. PEPPERS,                      :
                                       :     Civil Action No. 08-1642 (FSH)
                Plaintiff,             :
                                       :
             v.                        :     **OPINION**
                                       :
MICHAEL RECTENWALD, et al.,            :
                                       :
                Defendants.            :

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Larry E. Peppers
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

**HOCHBERG**, District Judge

        Plaintiff Larry E. Peppers, a prisoner confined at East
Jersey State Prison in Rahway, New Jersey, seeks to bring this
action pursuant to 42 U.S.C. § 1983, alleging violations of his
constitutional rights.[1]  At this time, the Court must review the
Complaint to determine whether it should be dismissed as
frivolous or malicious, for failure to state a claim upon which
relief may be granted, or because it seeks monetary relief from a
defendant who is immune from such relief.

_____

        [1] This Court denied Plaintiff's application for leave to
proceed <u>in</u> <u>forma</u> <u>pauperis</u> and administratively terminated this
matter.  He has since paid the filing fee.  The Clerk will be
directed to re-open this matter for appropriate screening.

I.   <u>BACKGROUND</u>

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he was arrested on December 18, 2006 for murder and related offenses.  At the time of the arrest, Plaintiff's brother said to him, "Don't say nothing to him.  I am calling your lawyer."

Plaintiff alleges that at the time of his arrest and during the following custodial interrogation, he did not receive the warnings about his constitutional rights required by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).  Nevertheless, he told the interrogating officers, Defendants Michael Rectenwald, Charles Hutcheson, and Det. Sgr. Mustachio, that he would not speak with the police until his attorney arrived.

Plaintiff alleges that he was subjected to continuous interrogation for between three and four hours.  Plaintiff alleges that he was allowed to call his house three times, but that Sgt. Mustachio later answered Plaintiff's cell phone, told the person calling that Plaintiff had been arrested, and then turned off the cell phone.  Plaintiff was not permitted to make any further calls.  Plaintiff alleges that he was not given any food or drink during the interrogation which lasted from approximately 4:30 in the afternoon until 8:00 that evening.  Plaintiff characterizes the interrogation as "coercive."

Plaintiff alleges that he made no statement during the interrogation.  Several months later, however, Investigator Rectenwald submitted a report that Plaintiff had made an incriminating statement during the interrogation.  Plaintiff states that he does not recall making any incriminating statement but that, if he did, he made the statement because Sgt. Mustachio suggested the wording to Plaintiff during the interrogation and he characterizes any such statement as "involuntary."

Although Plaintiff moved to suppress them, the purported statements he made during the interrogation were used against him at his trial on murder and related weapons charges.[2]

Plaintiff alleges that the actions of Defendants deprived him of his constitutional right to remain silent and his constitutional right to counsel, under the guidelines of Miranda. Plaintiff also alleges that the interrogation was coercive and that the actions of the defendants "shocks the conscience," which this Court construes as an allegation that the interrogation methods violated Plaintiff's right to due process under the

_____

[2] Plaintiff's Complaint is dated April 1, 2008.  Although Plaintiff does not state the outcome of the trial, the New Jersey Department of Corrections Inmate Locator indicates that Plaintiff was convicted of manslaughter and related offenses and was sentenced on May 30, 2008 to a twenty-year term of imprisonment. See https://www6.state.nj.us/DOC_Inmate/details?x=1062909&n=0. The Court also notes that Plaintiff's place of confinement has changed during the pendency of this action from Essex County Correctional Facility to East Jersey State Prison.  Thus, it does appear that Plaintiff was convicted and that judgment was entered against him after he submitted the Complaint.

3

Fourteenth Amendment to the U.S. Constitution.  Finally, Plaintiff asserts jurisdiction under 42 U.S.C. §§ 1985 and 1986.

Plaintiff seeks a declaratory judgment, injunctive relief against future violations, and compensatory and punitive damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary;

4

the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  <u>See also</u> <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d at 906 (a court need not credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions").

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48

(1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

IV.   <u>ANALYSIS</u>

A.   <u>Interrogation Claims</u>

Plaintiff alleges that he was deprived of his constitutional

rights when he was interrogated without being given a warning

about his constitutional rights, without being given an

opportunity to consult with counsel, as he requested, and without

being permitted to remain silent, as he requested.  He also

alleges that the interrogation was "coercive."

6

1.   <u>The Miranda Claims</u>

In <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), the Supreme
Court set forth certain procedural safeguards that must be
employed, to protect an individual's Fifth Amendment privilege
against self-incrimination, whenever authorities take an
individual into custody, or otherwise deprive him of his freedom
in any significant way, and subject him to questioning.

> Our holding will be spelled out with some specificity
> in the pages which follow but briefly stated it is
> this: the prosecution may not use statements, whether
> exculpatory or inculpatory, stemming from custodial
> interrogation of the defendant unless it demonstrates
> the use of procedural safeguards effective to secure
> the privilege against self-incrimination. By custodial
> interrogation, we mean questioning initiated by law
> enforcement officers after a person has been taken into
> custody or otherwise deprived of his freedom of action
> in any significant way. As for the procedural
> safeguards to be employed, unless other fully effective
> means are devised to inform accused persons of their
> right of silence and to assure a continuous opportunity
> to exercise it, the following measures are required.
> Prior to any questioning, the person must be warned
> that he has a right to remain silent, that any
> statement he does make may be used as evidence against
> him, and that he has a right to the presence of an
> attorney, either retained or appointed. The defendant
> may waive effectuation of these rights, provided the
> waiver is made voluntarily, knowingly and
> intelligently. If, however, he indicates in any manner
> and at any stage of the process that he wishes to
> consult with an attorney before speaking there can be
> no questioning. Likewise, if the individual is alone
> and indicates in any manner that he does not wish to be
> interrogated, the police may not question him. The mere
> fact that he may have answered some questions or
> volunteered some statements on his own does not deprive
> him of the right to refrain from answering any further
> inquiries until he has consulted with an attorney and
> thereafter consents to be questioned.

<u>Miranda v. Arizona</u>, 384 U.S. at 444-445 (footnote omitted).

To the extent Plaintiff seeks to assert a claim for damages based directly upon questioning or acquisition of a statement in violation of his <u>Miranda</u> warning rights, he fails to state a claim.  "[V]iolations of the prophylactic <u>Miranda</u> procedures do not amount to violations of the Constitution itself.  ...  The right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, whereas the 'right to counsel' during custodial interrogation recognized in [<u>Miranda</u>] is merely a procedural safeguard and not a substantive right."  <u>Giuffre v. Bissell</u>, 31 F.3d 1241, 1256 (3d Cir. 1994) (citations omitted).  Thus, Plaintiff has no free-standing Fifth Amendment right to remain silent during interrogation.  Nor does Plaintiff have a free-standing Fifth Amendment claim for denial of the right to counsel during questioning.  <u>See</u> <u>James v. York County Police Dept.</u>, 160 Fed.Appx. 126, 133, 2005 WL 3313029, 5 (3d Cir. 2005) (citing <u>Giuffre</u>).  In addition, a person's Sixth Amendment right to counsel "attaches only at or after the time that adversary judicial proceedings have been initiated against him."  <u>Kirby v. Illinois</u>, 406 U.S. 682, 688 (1972) (plurality opinion).

Insofar as Plaintiff seeks a declaratory judgment that his <u>Miranda</u> rights were violated, <u>see</u> 28 U.S.C. § 2201 (Federal Declaratory Judgment Act), he is not entitled to such relief.

8

Where a state criminal prosecution has begun before initiation of a federal declaratory judgment action, equitable principles preclude the granting of declaratory relief that might disrupt state criminal proceedings except in very unusual circumstances, where the plaintiff has no adequate remedy at law in the state criminal proceeding or where necessary to prevent immediate irreparable injury.  See Samuels v. Mackell, 401 U.S. 66 (1971); Younger v. Harris, 401 U.S. 37 (1971).

The Court of Appeals for the Third Circuit has framed a test to determine when Younger abstention is appropriate:

> (1) there [must be] ongoing state proceedings that are judicial in nature; (2) the state proceedings [must] implicate important state interests; and (3) the state proceedings [must] afford an adequate opportunity to raise federal claims.  Even if the necessary three predicates exist, however, Younger abstention is not appropriate if the federal plaintiff can establish that (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist ... such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted.

Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989) (applied in Anthony v. Council, 316 F.3d 412 (3d Cir. 2003) (in which plaintiffs sought declaratory and injunctive relief related to state child support proceedings)).

All three predicates are present here.  It is apparent from the exhibits to the Complaint, that Plaintiff has challenged, under Miranda, and unsuccessfully, the admissibility of his statements to police interrogators.  Plaintiff's opportunities to

challenge that ruling through direct appeal or collateral relief have not yet expired.  In addition, Plaintiff has failed to allege any facts suggesting bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.  Accordingly, this Court will abstain from entertaining Plaintiff's request for declaratory judgment with respect to this claim.

This Court expresses no opinion as to whether the circumstances of the interrogation or the use at trial of any statement obtained from Plaintiff violated the <u>Miranda</u> rule.

2.  <u>The Due Process Claim</u>

Plaintiff also asserts that the circumstances of the interrogation amounted to a violation of Plaintiff's due process rights under the Fourteenth Amendment.  <u>See</u>, <u>e.g.</u>, <u>Chavez v. Martinez</u>, 538 U.S. 760, 780 (2003) (under some circumstances, coercive interrogation alone may violate a suspect's right to substantive due process, even when no self-incriminating statement is used against the person interrogated); <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846-47, n.8 (1998) (substantive due process rights are violated only when "the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the conscience"); <u>Miller v. Fenton</u>, 474 U.S. 104, 109 (1985) ("certain interrogation techniques, either in isolation or as applied to unique characteristics of a particular suspect, are so offensive

10

to a civilized system of justice that they must be condemned under the Due Process Clause of the Fourteenth Amendment"); <u>Rochin v. California</u>, 342 U.S. 165 (1952) (due process violated when evidence obtained by subjecting the suspect to an involuntary stomach pump).  At the same time, Plaintiff states that he does not, by this Complaint, seek to challenge the use of the purported statements at trial.

In light of Plaintiff's conviction, this Court must first determine whether Plaintiff's due process claim has accrued and, if so, whether it should be stayed or dismissed .  <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 127 S.Ct. 1091 (2007); <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court rejected § 1983 as a vehicle to challenge the lawfulness of an extant criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable

outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id. at 489-90.

Specifically addressing, albeit in dicta, whether a § 1983 suit, for damages attributable to an allegedly unreasonable pre-trial search, would lie in advance of a judicial determination of the invalidity of the related conviction, the Supreme Court said,

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction.  Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.  In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

12

Heck, 512 U.S. at 487 n.7.

More recently, the Supreme Court determined the accrual date of a false arrest claim, where the plaintiff asserted that the accrual date should be deferred under the Heck rule because the false arrest led to a coerced confession which was introduced at his trial, producing his conviction and incarceration.  Rejecting this argument, the Court relied upon the traditional rule of accrual, "the tort cause of action accrues ... when the wrongful act or omission results in damages.  The cause of action accrues even though the full extent of the injury is not then known or predictable." Wallace v. Kato, 127 S.Ct. at 1097 (citations omitted).

So, here, Plaintiff's cause of action for violation of his due process rights during his interrogation accrued at the time of the interrogation.  As Wallace further explains, where a plaintiff files a claim challenging pre-trial events, related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." Wallace, 127 S.Ct. at 1098 (citations omitted).

13

Here, it does not appear that a finding in Plaintiff's favor on the due process claim would impugn his conviction.  As the Court of Appeals for the Third Circuit has noted, in the context of a racial profiling claim, cases in which the <u>only</u> evidence supporting a conviction is tainted by a possible constitutional violation are perhaps "the quintessential example of when the <u>Heck</u> deferred accrual rule is triggered."  <u>Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety</u>, 411 F.3d 427, 449, 452 (2005).  In such cases, the actual compensable injury is the injury of being convicted and imprisoned, which is not actionable until the conviction is overturned.  <u>Id.</u>

Here, Plaintiff does not allege that the purportedly coerced confession was the only evidence supporting his conviction. Based upon the exhibits to the Complaint, it appears that there was substantial other evidence, including eyewitness identifications and physical evidence obtained pursuant to a search warrant.  (Complaint, Ex. 4, Trial Court Decision denying Plaintiff's motion to suppress (November 15, 2007).)  Thus, a decision in Plaintiff's favor on this claim would not <u>necessarily</u> imply the invalidity of his conviction and evaluation of the claim can proceed at this time.  <u>Cf.</u> <u>Simmons v. O'Brien</u>, 77 F.3d 1093 (8th Cir. 1996) (because harmless error analysis is applicable to the admission at trial of coerced confessions, judgment in favor of plaintiff challenging confession will not necessarily demonstrate the invalidity of the conviction) (citing

14

Arizona v. Fulminante, 499 U.S. 279 (1991)); Latta v. Chapala, 2005 WL 2786999 (N.D. Ind. Oct. 25, 2005), aff'd, 221 Fed.Appx. 443 (7th Cir. 2007) (where conviction is based, at least in part, upon other evidence, claim relating to allegedly coerced confession, even if taken as true, would not necessarily imply the invalidity of the conviction).

Here, Plaintiff alleges that the interrogation was conducted in contravention of his request for counsel, that he was limited to three outgoing telephone calls, and that he was not given any food or drink during the interrogation, which lasted for approximately three-and-a-half hours between 4:30 and 8:00 p.m. Nothing about these circumstances rises to the level of conscience-shocking behavior.  Cf. Chavez v. Martinez, 538 U.S. 760 (2003) (no due process violation where police questioned suspect, who had been shot, while suspect was receiving medical treatment).  This claim will be dismissed with prejudice for failure to state a claim.

B.   42 U.S.C. §§ 1985, 1986

Plaintiff states that this Court has jurisdiction over his claims under 42 U.S.C. §§ 1985 and 1986, in addition to § 1983. Plaintiff does not otherwise explain the nature of his reliance upon §§ 1985 or 1986.

1.   42 U.S.C. § 1985

Section 1985 provides, in relevant part:

(2) Obstructing justice; intimidating party, witness, or juror.

... [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, ...

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ...   the person so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(2), (3).

The second clause of § 1985(2) "aims at proscribing conspiracies that interfere with the administration of justice in state courts." Breslin v. Brainard, 2002 WL 31513425, *9 (E.D. Pa. 2002) (citing Kush v. Rutledge, 460 U.S. 719, 724-25 (1983) and Brawer v. Horowitz, 535 F.2d 830, 840 (3d Cir. 1976)).  See also Herrmann v. Moore, 576 F.2d 453, 457-58 (2d Cir.) (second clause of § 1985(2) "applies only to conspiracies with respect to judicial proceedings in a State or Territory"), cert. denied, 439 U.S. 1003 (1978).

To state a claim under § 1985(3), one must allege:

(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or

16

deprived of any right or privilege of a citizen of the
United States.

United Broth. of Carpenters and Joiners of America, Local 610,
AFL-CIO v. Scott, 463 U.S. 825, 829 (1983).  With respect to the
second element, the conspiracy must be motivated by "some racial,
or perhaps otherwise class-based, invidiously discriminatory
animus."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Thus, in order to state a claim under either of these
provisions, there must be factual allegations suggesting some
racial or otherwise invidiously discriminatory animus behind the
alleged conspirators' actions.  See Kush v. Rutledge, 460 U.S.
719, 724-26 (1983).  No such allegations are set forth in the
Complaint.

In addition, Plaintiff fails to allege any facts sufficient
to set forth a claim of conspiracy.  In 2007, the Supreme Court
addressed the question of what a plaintiff must plead in order to
state a conspiracy claim under § 1 of the Sherman Act.  See Bell
Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-66 (2007).  The
Court first reviewed historical pleading requirements.

> Federal Rule of Civil Procedure 8(a)(2) requires only
> "a short and plain statement of the claim showing that
> the pleader is entitled to relief," in order to "give
> the defendant fair notice of what the ... claim is and
> the grounds upon which it rests."  While a complaint
> attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations, a plaintiff's
> obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and
> conclusions, and a formulaic recitation of the elements
> of a cause of action will not do, see Papasan v.
> Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d

17

209 (1986) (on a motion to dismiss, courts "are not
bound to accept as true a legal conclusion couched as a
factual allegation").  Factual allegations must be
enough to raise a right to relief above the speculative
level, on the assumption that all the allegations in
the complaint are true (even if doubtful in fact).

Twombly, 127 S.Ct. at 1964-65 (citations and footnote omitted).

The Court then applied these general standards to the Sherman Act

conspiracy claim.

> In applying these general standards to a § 1
> [conspiracy] claim, we hold that stating such a claim
> requires a complaint with enough factual matter (taken
> as true) to suggest that an agreement was made.  Asking
> for plausible grounds to infer an agreement does not
> impose a probability requirement at the pleading stage;
> it simply calls for enough fact to raise a reasonable
> expectation that discovery will reveal evidence of
> illegal agreement.  And, of course, a well-pleaded
> complaint may proceed even if it strikes a savvy judge
> that actual proof of those facts is improbable, and
> "that a recovery is very remote and unlikely."  In
> identifying facts that are suggestive enough to render
> a § 1 conspiracy claim plausible, we have the benefit
> of the prior rulings and considered views of leading
> commentators, already quoted, that lawful parallel
> conduct fails to bespeak unlawful agreement.  It makes
> sense to say, therefore, that an allegation of parallel
> conduct and a bare assertion of conspiracy will not
> suffice.  Without more, parallel conduct does not
> suggest conspiracy, and a conclusory allegation of
> agreement at some unidentified point does not supply
> facts adequate to show illegality.  Hence, when
> allegations of parallel conduct are set out in order to
> make a § 1 claim, they must be placed in a context that
> raises a suggestion of a preceding agreement, not
> merely parallel conduct that could just as well be
> independent action.

> The need at the pleading stage for allegations
> plausibly suggesting (not merely consistent with)
> agreement reflects the threshold requirement of Rule
> 8(a)(2) that the "plain statement" possess enough heft
> to "sho[w] that the pleader is entitled to relief."  A
> statement of parallel conduct, even conduct consciously
> undertaken, needs some setting suggesting the agreement

> necessary to make out a § 1 claim; without that further
> circumstance pointing toward a meeting of the minds, an
> account of a defendant's commercial efforts stays in
> neutral territory.  An allegation of parallel conduct
> is thus much like a naked assertion of conspiracy in a
> § 1 complaint: it gets the complaint close to stating a
> claim, but without some further factual enhancement it
> stops short of the line between possibility and
> plausibility of "entitle[ment] to relief."

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the Twombly pleading standard applies outside the § 1 antitrust context in which it was decided.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

> Context matters in notice pleading.  Fair notice under
> Rule 8(a)(2) depends on the type of case -- some
> complaints will require at least some factual
> allegations to make out a "showing that the pleader is
> entitled to relief, in order to give the defendant fair
> notice of what the ... claim is and the grounds upon
> which it rests."  Indeed, taking Twombly and the
> Court's contemporaneous opinion in Erickson v. Pardus,
> 127 S.Ct. 2197 (2007), together, we understand the
> Court to instruct that a situation may arise where, at
> some point, the factual detail in a complaint is so
> undeveloped that it does not provide a defendant the
> type of notice of claim which is contemplated by
> Rule 8.  Put another way, in light of Twombly, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief.  We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

19

Here, Plaintiff's conclusory allegations of "conspiracy" amount to nothing more than allegations of "parallel conduct," if that, without any allegations of facts suggesting a preceding meeting of the minds among the alleged conspirators.  For this reason, also, the Complaint fails to state a claim under either the second clause of § 1985(2) or under § 1985(3).

This claim will be dismissed with prejudice.

2.   <u>42 U.S.C. § 1986</u>

Section 1986 provides, in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action ... .

42 U.S.C. § 1986.

Plaintiff has failed to state a claim under § 1985. Accordingly, he fails to state a § 1986 claim.  <u>See</u> <u>Koorn v. Lacey Twp.</u>, 78 Fed. Appx. 199, 208 (3d Cir. 2003) (citing <u>Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 7 F.3d 1085, 1088 (2d Cir. 1993)); <u>Grimes v. Smith</u>, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985).

Therefore, this claim will be dismissed with prejudice.

C.   Request for Injunctive Relief

Plaintiff asks for injunctive relief against future Miranda violations by these defendants.

Plaintiff lacks standing to bring this claim for prospective injunctive relief.  He cannot show that he faces a real and immediate threat of future injury arising out of the challenged conduct.  See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987). Without formally proceeding as a representative of a class, see, e.g., Wolff v. McDonnell, 418 U.S. 539, 553 (1974), Plaintiff also cannot seek relief for third parties.  See Warth v. Seldin, 422 U.S. 490, 499 (1975) (holding that a plaintiff "cannot rest his claim on the rights or interests of third parties" or merely assert a harm that is a generalized grievance "shared in substantially equal measure by all or a large class of citizens").  Accordingly, the claim for prospective injunctive relief will be dismissed with prejudice.

D.   Letter Request for Leave to File Amended Complaint

On November 17, 2008, this Court received a Letter [13] from Plaintiff seeking leave to file an amended complaint asserting claims related to (1) his conditions of confinement at East Jersey State Prison and (2) an allegedly false disciplinary charge.  It is apparent that the proposed defendants with respect to these claims would not be Plaintiff's arresting officers, the

defendants named in the original Complaint, but would instead be correctional officers.

Rule 20(a)(2) of the Federal Rules of Civil Procedure controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added). See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

The claims Plaintiff seeks to assert against correctional officers in the proposed amended complaint are not appropriate for joinder in this action against his arresting officer. The claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Nor would any question of law or fact common to all defendants arise in the action if Plaintiff were permitted to amend as requested. Accordingly, the Letter request for leave to file an amended complaint asserting these additional claims will be denied. Should Plaintiff seek to proceed with respect to these claims, he must file a new and separate complaint with respect to them.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[3]   However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies described herein, the Court will grant Plaintiff leave to move to re-open and file an amended complaint.[4]

An appropriate order follows.

<u>s/ Faith S. Hochberg</u>
Faith S. Hochberg
United States District Judge

Dated: December 17, 2008

---

[3] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...   The dispositive inquiry is whether the district court's order finally resolved the case." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).   In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."   6 Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1476 (2d ed. 1990) (footnotes omitted).   An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.   <u>Id.</u>   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.   <u>Id.</u>